UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL ADAMS,<br>    Plaintiff,<br>vs.<br><br>SECOND & E. 82 REALTY LLC, and<br>C & G GOURMET USA CORP.<br>    Defendants, | Civil No.<br><br>**COMPLAINT** |

Plaintiff, MICHAEL ADAMS ("Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues Defendants, Second & 82 Realty llc, and C & G Gourmet USA Corp. (herein after "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

**1)** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2)** Plaintiff currently resides in Brooklyn, New York, and is *sui juris*. Plaintiff is a qualified individual with disabilities under the ADA law. Plaintiff was born with cerebral palsy, and as a result is bound to ambulate in a wheelchair.

**3)** Defendant, SECOND & E. 82 REALTY LLC, is a LLC and transacts business in the State of New York and within this judicial district. Defendant, SECOND & E. 82 REALTY LLC, is the owner of the real property which is the subject of this action located on or about at 1588 2nd AVENUE, NEW YORK, NY 10028 (hereinafter "Subject Property" or "Facility").

4)     Defendant, C & G GOURMET USA CORP. is a Corporation that transacts business in the State of New York and within this judicial district. Defendant, C & G GOURMET USA CORP, is the lessee and operator of the business known as WA JEAL, located at 1588 2nd AVENUE, NEW YORK, NY 10028 (hereinafter the "Facility").

5)     Plaintiff has visited the Subject Property which forms the basis of this lawsuit on or about April, 2022 and again on or about May 27, 2022. On each of these occasions, the Plaintiff's ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, that which prevented access to the public accommodation. The Plaintiff plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and thereby determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

6)     In addition to living approximately 9 miles from the Subject Property, Plaintiff also has multiple friends and family members throughout [Manhattan—with whom he visits frequently and dines out socially on at least a weekly basis]. More essentially, Plaintiff's doctor visits are adjacent to the Defendant's subject property, wherein his access to the services of the public accommodation were denied as these ADA violations were encountered at each visit. Plaintiff travels through the neighborhood where the Subject Property is located at nearly every medical visit. Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants

surrounding the subject facility, that are all without obstructions. Further, Plaintiff dines at restaurants on this street about once or twice per month, including but not limited to Osteria Nando, Sushi Ren, Brady's, Taco Bell, amongst others; and thereon affirms that he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

7) Plaintiff has visited the Subject Property which forms the basis of this lawsuit and plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and to determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

8) The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

9) In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility multiple times, specifically on or about April, 2022 and again on or about May 27, 2022, wherein each time Plaintiff engaged the barriers, found impediments too perilous to traverse and without any recourse available for fair, safe, and equal means of ingress/egress within the public accommodation, thus suffering clear legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein. The

Plaintiff will continue to dine out in the neighborhood of the Defendants' subject property, and will thereon continue to attempt to access the services and facilities at said premises which have been deprived at all times material.

10) Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility.

11) All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

12) Plaintiff has attempted to access the Facility, but physical barriers inhibited the wheelchair ambulation through the front entrance denying ingress and therefore could not safely access the premises without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that exist at the Facility, which restrict and/or limit his access to the goods and services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

13) Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility, including those barriers at the front entrance, and other conditions and ADA violations more specifically set forth in this Complaint. In any event, the discrimination would be cured given simple remediations that which would bring the subject property into compliance with the ADA and ADAAG.

14) Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the Facility, as

prohibited by 42 U.S.C., § 12182, *et.seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

**15)** Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to access the Facility and full and equal enjoyment of the goods, services offered at the Facility include:

> INACCESSIBLE ENTRANCE.
> ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED.
> ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED. EXISTING STEP AT ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE.
>
> **ADAAG 206 Accessible Routes ADAAG 206.1 General.**
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
> **ADAAG 206.2 Where Required.**
> Accessible routes shall be provided where required by 206.2.
> **ADAAG 206.2.1 Site Arrival Points.**
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
> **ADAAG 206.4 Entrances.**
> Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
> **ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.**
> Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
> **ADAAG 402 Accessible Routes ADAAG 402.1 General.**
> Accessible routes shall comply with 402.
> **ADAAG 402.2 Components.**

Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
**ADAAG 403 Walking Surfaces ADAAG 403.4 Changes in Level.** Changes in level shall comply with 303
**ADAAG 303.4 Ramps.**
Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

- REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT THE FIRST OF TWO DOORS AT ENTRANCE.
- NON-COMPLIANT CHANGE IN FLOOR LEVEL WITHIN REQUIRED MANEUVERING CLEARANCE AT THE FIRST OF TWO DOORS AT ENTRANCE.

**ADAAG 206 Accessible Routes ADAAG 206.1 General.**
Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
**ADAAG 206.2 Where Required.**
Accessible routes shall be provided where required by 206.2.
**ADAAG 206.2.1 Site Arrival Points.**
At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
**ADAAG 206.4 Entrances.**
Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
**ADAAG 206.4.1 Public Entrances.**
In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
**ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.**
Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)
**ADAAG 404.2.4 Maneuvering Clearances.**
Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.
**ADAAG 404.2.4.4 Floor or Ground Surface.**
Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

- REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED IN VESTIBULE AT EXTERIOR SIDE OF THE SECOND OF TWO DOORS AT ENTRANCE.

**ADAAG 206 Accessible Routes ADAAG 206.1 General.**
Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
**ADAAG 206.2 Where Required.**
Accessible routes shall be provided where required by 206.2.
**ADAAG 206.2.1 Site Arrival Points.**
At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
**ADAAG 206.4 Entrances.**
Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
**ADAAG 206.4.1 Public Entrances.**
In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
**ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.**
Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)
**ADAAG 404.2.4 Maneuvering Clearances.**
Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

- INACCESSIBLE DINING TABLES.
- REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES.
- A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

**ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.**
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
**ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.**
Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
**ADAAG 902.2 Clear Floor or Ground Space.**
A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
**ADAAG 306.2 Toe Clearance.**
**ADAAG 306.2.3 Minimum Required Depth.**
Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
**ADAAG 306.2.5 Width**.
Toe clearance shall be 30 inches (760 mm) wide minimum.
**ADAAG 306.3 Knee Clearance.**

**ADAAG 306.3.3 Minimum Required Depth.**
Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
**ADAAG 306.3.5 Width.**
Knee clearance shall be 30 inches (760 mm) wide minimum.

- INACCESSIBLE SERVICE COUNTER.
- NON-COMPLIANT HEIGHT OF SERVICE COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG227 Sales and Service ADAAG 227.1 General.**
Where provided, check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines shall comply with 227 and 904.
**ADAAG 904.4 Sales and Service Counters.**
Sales counters and service counters shall comply with 904.4.1 or 904.4.2.
The accessible portion of the counter top shall extend the same depth as the sales or service counter top.
**ADAAG 904.4.1 Parallel Approach.**
A portion of the counter surface that is 36 inches (915 mm) long minimum
and 36 inches (915 mm) high maximum above the finish floor shall be provided.
A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.

- INACCESSIBLE WOMEN'S RESTROOM.
- REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT DOOR OF WOMEN'S RESTROOM.

**ADAAG 206 Accessible Routes ADAAG 206.1 General.**
Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
**ADAAG 402 Accessible Routes ADAAG 402.1 General.**
Accessible routes shall comply with 402.
**ADAAG 402.2 Components.**
Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
**ADAAG 404.2.4 Maneuvering Clearances.**
Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

- INACCESSIBLE DOOR LOCK AT DOOR OF WOMEN'S RESTROOM.
- NON-COMPLIANT HEIGHT OF DOOR LOCK AT DOOR OF WOMEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG 404 Doors, Doorways, and Gates ADAAG 404.1 General.**
Doors, doorways, and gates that are part of an accessible route shall comply with 404.

**ADAAG 404.2.7 Door and Gate Hardware.**
Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4. Operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground.

- INACCESSIBLE WATER CLOSET IN WOMEN'S RESTROOM.
- REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN WOMEN'S RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments**
**ADAAG 604.3 Clearance.**
Clearances around water closets and in toilet compartments shall comply with 604.3.
**ADAAG 604.3.1 Size.**
Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

- INACCESSIBLE FLUSH CONTROL AT WATER CLOSET IN WOMEN'S RESTROOM.
- NON-COMPLIANT POSITION OF FLUSH CONTROL LOCATED AT CLOSED SIDE OF WATER CLOSET IN WOMEN'S RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments.**
**ADAAG 604.6 Flush Controls.**
Flush controls shall be hand operated or automatic. Hand operated flush controls shall comply with 309. Flush controls shall be located on the open side of the water closet except in ambulatory accessible compartments complying with 604.8.2.

- INACCESSIBLE LAVATORY IN WOMEN'S RESTROOM.
- NON-COMPLIANT HEIGHT OF LAVATORY IN WOMEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG 606 Lavatories and Sinks.**
**ADAAG 606.1 General.**
Lavatories and sinks shall comply with 606.
**ADAAG 606.3 Height.**
Lavatories and sinks shall be installed with the front of the higher of the rim or counter surface 34 inches (865 mm) maximum above the finish floor or ground.

- INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY IN WOMEN'S RESTROOM NOT PROVIDED AS REQUIRED.

**ADAAG 606 Lavatories and Sinks.**
**ADAAG 606.5 Exposed Pipes and Surfaces**.
Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

- INACCESSIBLE PAPER TOWEL DISPENSER IN WOMEN'S RESTROOM.

- NON COMPLIANT MOUNTED HEIGHT OF PAPER TOWEL DISPENSER IN WOMEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG Advisory 606.1 General.**
If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.

**ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.**
Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.

**ADAAG 308.2.2 Obstructed High Reach.**
Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.

**ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed.**
Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be
15 inches minimum above the finish floor or ground.

**ADAAG 308.3.2 Obstructed High Reach.**
Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

- INACCESSIBLE MIRROR IN WOMEN'S RESTROOM.
- NON-COMPLIANT MOUNTED HEIGHT OF MIRROR IN WOMEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG 603.3 Mirrors.**
Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.
Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

- INACCESSIBLE COAT HOOK IN WOMEN'S RESTROOM.
- NON-COMPLIANT HEIGHT OF COAT HOOK IN WOMEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG 604 Water Closets and Toilet Compartments.**
**ADAAG 604.8.3 Coat Hooks and Shelves.**

Coat hooks shall be located within one of the reach ranges specified in 308.
**ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.**
Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.
**ADAAG 308.2.2 Obstructed High Reach.**
Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.
**ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed.**
Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be
15 inches minimum above the finish floor or ground.
**ADAAG 308.3.2 Obstructed High Reach.**
Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

- NON-COMPLIANT DOOR KNOB AT DOOR OF MEN'S RESTROOM REQUIRES TWISTING OF THE WRIST.

**ADAAG 404 Doors, Doorways, and Gates ADAAG 404.1 General.**
Doors, doorways, and gates that are part of an accessible route shall comply with 404.
**ADAAG 404.2.7 Door and Gate Hardware.**
Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4
**ADAAG 309.4 Operation.**
Operable parts shall be operable with one hand and shall not require tight grasping, pinching,
or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

- NON-COMPLIANT DOOR LOCK AT DOOR OF MEN'S RESTROOM REQUIRES TWISTING OF THE WRIST.

**ADAAG 404 Doors, Doorways, and Gates ADAAG 404.1 General.**
Doors, doorways, and gates that are part of an accessible route shall comply with 404.
**ADAAG 404.2.7 Door and Gate Hardware.**
Handles, pulls, latches, locks, and other operable parts on doors and gates shall

comply with 309.4
**ADAAG 309.4 Operation.**
Operable parts shall be operable with one hand and shall not require tight grasping, pinching,
or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

- INACCESSIBLE WATER CLOSET IN MEN'S RESTROOM.
- REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN MEN'S RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments**
**ADAAG 604.3 Clearance.**
Clearances around water closets and in toilet compartments shall comply with 604.3.
**ADAAG 604.3.1 Size.**
Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

- REQUIRED GRAB BARS NOT PROVIDED ON REAR WALL OF WATER CLOSET IN MEN'S RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments**
**ADAAG 604.5 Grab Bars.**
Grab bars for water closets shall comply with 609.
Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

- INACCESSIBLE FLUSH CONTROL AT WATER CLOSET IN MEN'S RESTROOM.
- NON-COMPLIANT POSITION OF FLUSH CONTROL LOCATED AT CLOSED SIDE OF WATER CLOSET IN MEN'S RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments.**
**ADAAG 604.6 Flush Controls.**
Flush controls shall be hand operated or automatic. Hand operated flush controls shall comply with 309. Flush controls shall be located on the open side of the water closet except in ambulatory accessible compartments complying with 604.8.2.

- INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY IN MEN'S RESTROOM NOT PROVIDED AS REQUIRED.

**ADAAG 606 Lavatories and Sinks.**
**ADAAG 606.5 Exposed Pipes and Surfaces**.
Water supply and drain pipes under lavatories and sinks shall be insulated or

otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

- INACCESSIBLE PAPER TOWEL DISPENSER IN MEN'S RESTROOM.
- NON COMPLIANT MOUNTED HEIGHT OF PAPER TOWEL DISPENSER IN MEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG Advisory 606.1 General.**
If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.

**ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.**
Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.

**ADAAG 308.2.2 Obstructed High Reach.**
Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.

**ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed.**
Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be
15 inches minimum above the finish floor or ground.

**ADAAG 308.3.2 Obstructed High Reach.**
Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

- INACCESSIBLE MIRROR IN MEN'S RESTROOM.
- NON COMPLIANT MOUNTED HEIGHT OF MIRROR IN MEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG 603.3 Mirrors.**
Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.
Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

16) The above listing is not to be considered all-inclusive of the barriers which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the ADA violations.

17) The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

18) Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19) The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

20) Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Facility until the barriers are removed and requisite alterations are completed, and

awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

        Respectfully submitted

        BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By:  s/ Maria-Costanza Barducci
      Maria-Costanza Barducci, Esq.
        *Attorney for Plaintiff*
      Bar No. 5070487
      MC@BarducciLaw.com